IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEON POWELL, | § | |
| | § | No. 690, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 82007195DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 7, 2015
Decided: June 17, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 17th day of June 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Leon Powell, filed this appeal from the Superior Court's March 16, 2015 order denying his motion for postconviction relief under Superior Court Criminal Rule 61.[1] The State of Delaware has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Powell's opening brief that the appeal is without merit. We agree and affirm.

---

[1] *State v. Powell*, 2015 WL 1242897 (Del. Mar. 16, 2015).

(2) In 1983, Powell was tried and convicted of Intentional Murder in the First Degree and was sentenced to life imprisonment. On September 27, 1983, this Court affirmed the conviction and sentence on direct appeal.[2]

(3) On October 7, 2014, thirty years after his conviction was affirmed on direct appeal, Powell filed a motion for postconviction relief under Superior Court Criminal Rule 61. By memorandum opinion dated November 24, 2014, the Superior Court denied the motion. On appeal, this Court remanded the matter to the Superior Court for consideration of Powell's motion by a different judge who had not represented the State on Powell's direct appeal. By order dated March 16, 2015, a different Superior Court judge denied Powell's motion.[3] It is from this order that Powell has appealed.

(4) On appeal, Powell has expressly abandoned the arguments he raised in his motion for postconviction relief, with one exception.[4] Powell contends that "there is no such criminal offense as non-capital first degree murder," and that his conviction for first degree murder and sentence of life

---

[2] *Powell v. State*, 474 A.2d 141 (Del. 1983) (table).

[3] *State v. Powell*, 2015 WL 1242897 (Del. Mar. 16, 2015).

[4] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

imprisonment were illegal because his jury was not "death qualified" in accordance with 11 *Del. C.* § 4209.[5]

(5)     Before considering the merits of any claim, the Superior Court is required to consider whether a motion for postconviction relief is procedurally barred.[6]  In this case, the Superior Court determined that Powell's motion was procedurally barred as untimely under Rule 61(i)(1). Moreover, assuming *arguendo* that the motion was not procedurally barred, the Superior Court determined that Powell's claims failed on the merits.  The court found that "at all times, Powell was properly charged with, tried for and convicted of non-capital Murder First Degree, which carries a sentence of life imprisonment without the possibility of probation or parole."[7]

(6)     We review the Superior Court's denial of postconviction relief for abuse of discretion and review question of law *de novo*.[8]  In this case, having carefully considered the parties' positions on appeal and the trial record before the Superior Court, the Court concludes that the Superior Court did not abuse its discretion when it denied Powell's motion for

---

[5] *See* 11 *Del. C.* § 4209 (governing punishment, procedure for determining punishment, review of punishment and method of punishment for first-degree murder).

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] *State v. Powell*, 2015 WL 1242897, at *3 n.19 (Del. Mar. 16, 2015).

[8] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

postconviction relief on the basis that the motion was untimely filed, and that Powell could not avoid the application of Rule 61(i)(1).

(7)     It is manifest on the face of the opening brief that this appeal is without merit. The issues presented on appeal are controlled by settled Delaware law, and to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

4